# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUANITA C. BLACKMON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S.D. 259--WICHITA PUBLIC SCHOOL ) <br> DISTRICT, SUPERINTENDENT JOHN ) <br> ALLISON, PRINCIPAL ROBERT ) <br> GARNER, LIZ FRAZIER, and Dr. ) <br> KEN JANTZ, ) <br> ) <br> Defendants. ) <br> ) | Case No. 09-2546-EFM |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to proceed "Without Prepayment of Fees." (Doc. 3). For the reasons set forth below, plaintiff's motion be shall be DENIED.

Proceeding *in forma pauperis* in a civil case is a privilege, not a right. White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998). Under 28 U.S.C. § 1915(a)(1), a federal court *may* authorize the commencement, prosecution or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means. The decision whether to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the court. Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. 1999)(unpublished disposition). When considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds. Buggs v. Riverside Hospital, No. 97-1088, 1997 WL 321289 (D. Kan. April 9, 1997). An affidavit of financial

status must be submitted with the application to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1).

The court has reviewed plaintiff's affidavit of financial resources and concludes that plaintiff does not qualify to proceed *in forma pauperis*. Specifically, plaintiff is currently employed by U.S.D. 259 with a net take-home pay of $1,450 *every two weeks,* an amount that exceeds her listed basic living expenses ($1,645 *per month*) and monthly miscellaneous expenses ($310 *per month*).[1] Under the circumstances, plaintiff does not qualify to proceed *in forma pauperis*.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed "Without Prepayment of Fees" **(Doc. 3 )** is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay the filing fee for this case to the clerk of the court on or before **December 1, 2009.** An order dismissing this case will be entered without further notice if the filing fee is not paid by the deadline established by the court.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of November 2009.

                                      /s  Eric F. Melgren
                                      ERIC F. MELGREN
                                      UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is paid bi-weekly and presumably receives 26 paychecks per year. When converted to a monthly basis, plaintiff's take-home income exceeds her listed expenses by more than $1,000 per month.