IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUANITA C. BLACKMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-2546-EFM |
| ) | |
| U.S.D. 259 – WICHITA PUBLIC ) | |
| SCHOOL DISTRICT, et al. ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM and ORDER**

This is an employment discrimination case brought by a pro se plaintiff. Upon filing the Complaint on October 22, 2009, plaintiff also on that day filed a motion for appointment of counsel (Doc. 4). Those motions are as a matter of course assigned to magistrate judges, and Chief Magistrate Judge Humphreys denied the motion on December 9, 2009 (Doc. 8). On December 22, 2009, plaintiff filed another document entitled "Motion to Grant Appointment of Counsel" (Doc. 13). In her Order of January 6, 2010 (Doc. 18), Chief Magistrate Judge Humphreys noted that she would construe this second motion as a motion for reconsideration, and "[a]fter careful consideration" again rejected the motion. On March 22, 2010, plaintiff filed a motion entitled "Plaintiffs (sic) Motion for Appointment of Counsel (3rd Request)" (Doc. 31). The Court now construes this motion as an appeal of the magistrate judge's decision for review by the district court.

Pursuant to Fed. R. Civ. P. 72(a), a party may file objections to the order of a magistrate judge with 14 days after being served with a copy of the order. Therefore, for plaintiff's March 22, 2010 appeal to be timely filed, she would have had to have received the order denying her second request no earlier than March 8, 2010. The court's docket sheet reflects that a copy of that order was mailed to her on January 6, 2010, at her address in Wichita, Kansas, and the Court believes it likely that it was delivered to her with the two months between that date March 8, 2010. Accordingly, plaintiff's motion construed as a motion for review would appear to be untimely, and should be denied.

However, even if timely filed, the motion still would be denied. Pursuant to 28 U.S.C. § 636(b)(1)(A), review by the district court of nondispositive matters decided by a magistrate judge is under a clearly erroneous standard. The district court on review applies a deferential standard under which the moving party must show that the magistrate judge's order is clearly erroneous or contrary to law.[1] The district court is required to affirm the decision of the magistrate judge unless it is left "with the definite and firm conviction that a mistake has been committed."[2] In both of her orders, Magistrate Judge Humphreys applied the correct legal standards to the motion presented. The Court cannot conclude that her decisions were a mistake. Therefore, the Court denies plaintiff's motion to appoint counsel.

---

[1] Fed. R. Civ. P. 72(a), *Burton v. R. J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

[2] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988), quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Review the Decision of the Magistrate Judge, and to Order the Appointment of Counsel (Doc. 31), is DENIED.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2010, in Wichita, Kansas.

    /s   Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE