# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JUANITA D. BLACKMON

*Plaintiff*,

vs.

Case No. 09-2546-EFM

U.S.D. 259 SCHOOL DISTRICT,
SUPERINTENDENT JOHN ALLISON,
ROBERT GARNER, LIZ FRAZIER, AND
KEN JANTZ,

*Defendants.*

## MEMORANDUM AND ORDER

This civil case is brought by Juanita D. Blackmon against U.S.D. 259 School District and several individuals. She broadly alleges that she was discriminated against on the basis of her race and gender. Before the Court are Defendants' Motion to Dismiss (Doc. 17), Defendants' Motion to Strike Return of Service (Doc. 28), Plaintiff's Motion for Injunctive Relief and Restraining Order against Principal Robert Garner (Doc. 41), and Plaintiff's Motion to Amend Plaintiff's Motion for Injunctive Relief and Restraining Order against Principal Robert Garner (Doc. 44). For the following reasons, the Court grants in part and denies in part Defendants' Motion to Dismiss, grants Defendants' Motion to Strike Return of Service, and denies Plaintiff's motions.

# I. Factual and Procedural Background[1]

Pro se Plaintiff Juanita D. Blackmon filed a form Complaint, with an attached twelve-page typed complaint, naming U.S.D. 259 - Wichita Public School District ("259"), Superintendent John Allison, Robert Garner - Principal, Liz Frazier- HR, and Ken Jantz - Principal, as Defendants. In her form complaint, she checked that she had been discriminated against on the basis of her race, gender, age, and disability. She states that she is a female African American and her disability is "pregnancy - post partum depression and post traumatic stress disorder." Plaintiff also indicates that her son, age 7, has a bonafide disability and she has caregiver responsibility.

Plaintiff alleges that in 2001, she observed inappropriate conduct among male staff members while she was eight months pregnant. Upon returning from her maternity leave, there were transfer papers, and all of her personal belongings were boxed up and a family photo was missing. Plaintiff asserts that the retaliation was dormant until her daughter was attacked at school in 2005. She contends that administrators at East High School engaged in a hostility and harassment campaign creating a hostile work environment.

In 2005, Plaintiff alleges that Human Resources Director, Mary Whiteside, called Plaintiff to a reprimand meeting after Plaintiff was falsely accused of calling a student. Plaintiff allegedly requested a union representative, and Plaintiff contends that the representative, Liz Frazier, failed to represent her interests by abandoning the collective bargaining process, and Frazier then became employed by U.S.D. 259.

In 2007, Plaintiff alleges that Principal Robert Garner threw away Plaintiff's personal belongings while Plaintiff was on short-term disability. Plaintiff contends she suffered post

---

[1] For the purposes of this Order, the Court assumes the truth of these facts.

traumatic stress syndrome as a result.

Plaintiff asserts that the discrimination occurred from 1998 through 2009, and it was a "pattern and practice." She contends that this pattern and practice (and retaliation) includes, but is not limited to: (1) disciplinary action; (2) disparate treatment; (3) lost promotions; (4) retaliation; and (5) general deterioration of the terms, conditions, and privileges of her employment. Plaintiff also states that she filed a charge of discrimination with the Kansas State Division of Human Rights and the EEOC on "2006-2008."[2]

Plaintiff filed a Charge of Discrimination in December of 2008.[3] In the charge, she alleged discrimination on the bases of race, sex, disability, and retaliation. She named the "Respondent" as "Wichita Public Schools U.S.D. 259 and its Representatives." In this charge, she asserted she was subject to discrimination and retaliation on the basis that she is a black female suffering from a disability who previously filed complaints with the KHRC. Plaintiff received a right to sue letter, dated July 27, 2009.[4]

Plaintiff filed her Complaint on October 22, 2009. She lists these causes of action: (1) Race/Sex Discrimination (Title VII and State Act); (2) Retaliation (Title VII of the Civil Rights Act); (3) Privacy Act 1974 as Amended/Conspiracy 18 U.S.C.A. United States Code 371 Section Conspiracy to Commit Offense; (4) Hostile Environment Harassment/Pregnancy Discrimination/Age Discrimination-Title VII; (5) Title 18 U.S.C. Section 242 (Deprivation of Rights under Color of

---

[2] Plaintiff checked both yes and no that the she filed with the EEOC.

[3] Defendants attached the discrimination charge to their Motion to Dismiss.

[4] Plaintiff attached this to her Complaint.

Law); (6) Negligent Retention/Supervision - EEOC Filing (7) Intentional Infliction of Emotional Distress; and (8) Negligent Infliction of Emotional Distress

Defendants filed a motion to dismiss asserting several bases for dismissal including: (1) lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) based on diversity jurisdiction; (2) lack of subject matter jurisdiction based on failure to exhaust administrative remedies; (3) insufficient service of process, resulting in lack of personal jurisdiction over all Defendants; (4) inability of Plaintiff to enforce federal criminal statutes; (5) failure to submit K.S.A. § 12-105(b) notice prior to filing state law tort claims; (6) failure to state claim upon which relief can be granted as to Plaintiff's Privacy Act of 1974 claim; and (7) failure to comply with Fed. R. Civ. P. 10. Defendants also filed a Motion to Strike Return of Service on U.S.D. 259 on the basis that the complaint was not properly served with a summons.

Plaintiff filed a Motion for Injunctive Relief and Restraining Order against Principal Robert Garner to prevent "ongoing harassment and retaliation." She also filed a motion to amend this motion but only seeks to add an additional exhibit to her original motion.

## II. Defendants' Motions

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[5] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable

---

[5]*Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

likelihood of mustering factual support for these claims."[6] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[8] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[9] Allegations that merely state legal conclusions, however, need not be accepted as true.[10]

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[11] "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12] "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] Plaintiff has the burden of alleging "enough facts to state a claim to relief that is plausible

---

[6] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[7] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[8] *Iqbal*, 129 S.Ct. at 1950.

[9] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[10] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id.*

[12] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

[13] *Hall*, 935 F.2d at 1110.

on its face."[14]

## B. Subject Matter Jurisdiction[15]

Plaintiff alleges that she was discriminated against in violation of Title VII,[16] the ADEA, and the ADA.[17] "It is well-established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit."[18] In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite.[19] This is also true for suits brought under the Kansas Act Against Discrimination ("KAAD").[20]

Defendants argue that this Court does not have subject matter jurisdiction over Plaintiff's ADEA claim or her pregnancy discrimination claim because Plaintiff did not include these claims in her administrative charge.[21] Plaintiff concedes that she did not exhaust her administrative

---

[14]*Twombly*, 550 U.S. at 570.

[15]Defendants argue that Plaintiff has failed to clearly allege the basis for the Court's jurisdiction in her Complaint and that Plaintiff indicated in her Civil Cover Sheet that she is asserting subject matter jurisdiction on the basis of diversity. Defendants contend that the Court should dismiss the complaint for lack of subject matter jurisdiction because the parties are not diverse. Defendants' argument is without merit because the Court finds it clear that Plaintiff alleges federal claims which give rise to its jurisdiction under 28 U.S.C. § 1331. The Court is also cognizant that Plaintiff's state law claims are only covered pursuant to supplemental jurisdiction under 28 U.S.C. § 1367.

[16]Plaintiff alleges discrimination on the basis of her race and gender. Plaintiff also references "State Act." She also brings a pregnancy discrimination claim, and this would fall under Title VII.

[17]These are claims 1, 2, and 4 in Plaintiff's complaint.

[18]*Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). Under Rule 12(b)(1), the Court may look beyond the Complaint when the movant challenges the facts upon which subject matter jurisdiction is based. *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon.*, 428 F.3d 1285, 1292 (10th Cir. 2005). The Tenth Circuit has found that the exhaustion issue is not interwined with the merits of a Title VII Complaint. *Sivoza v. Nat'l Inst. Of Stands. & Tech.*, 282 F.3d 1320, 1324-25 (10th Cir. 2002). As such, although the Court is looking beyond the pleadings to determine subject matter jurisdiction, the Court is not required to convert the motion to one for summary judgment. *Id.*

[19]*Shikles*, 426 F.3d at 1317.

[20]*Sandlin v. Roche Laboratories, Inc.*, 268 Kan. 79, 88, 991 P.2d 883, 889 (1999).

[21]These claims are included within Plaintiff's claim 4.

remedies on her age claim. She argues, however, that her pregnancy discrimination claim is proper based on an incident that allegedly occurred in November 2001 in which she observed inappropriate conduct by two male staff members while Plaintiff was eight months pregnant. Plaintiff contends she filed a grievance of unfair treatment with U.S.D. 259. However, this alleged incident was not included in Plaintiff's KHRC/EEOC charge that is currently before the Court, and Plaintiff does not appear to address the fact that it was not included in her KHRC/EEOC charge.[22] As such, Plaintiff's ADEA and pregnancy discrimination claim are dismissed.

Defendants also argue that this Court does not have subject matter jurisdiction over the individual Defendants because these Defendants were not named in the charge of discrimination filed with the KHRC/EEOC.[23] Because these Defendants were not named in the KHRC charge, Defendants contend that the identity of interest test as set forth in *Romero v. Union Pacific Railroad*[24] is not met, and the individual Defendants should be dismissed.

The identity of interest test requires the Court to consider four factors in evaluating whether or not the party should be dismissed for failure to name him in the administrative complaint. These factors include: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the

---

[22]It appears that Plaintiff previously filed two previous KHRC/EEOC charges on December 20, 2005 and June 10, 2007. Plaintiff's pregnancy discrimination allegation was also not the subject of the previous charges.

[23]The analysis as to whether the Court has subject matter jurisdiction over the individual Defendants is only applicable to Plaintiff's claims that require exhaustion prior to bringing suit, and it is not applicable to Plaintiff's claims that do not require exhaustion (i.e., her criminal counts, privacy claim, or state law tort claims). In addition, because the Court already dismissed Plaintiff's pregnancy and age discrimination claims, it is only applicable to the remaining Title VII and ADA claims (claims 1, 2, and a portion of claim 4).

[24]615 F.2d 1303 (10th Cir. 1980).

purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.[25] For substantially the reasons Defendants stated in their briefing, there does not appear to be an identity of interest of the parties because none of the individual Defendants were named as the respondent in the KHRC charge, and with the exception of Robert Gardner, there is no reference to these individuals in the KHRC charge.

Furthermore, it is well established that in the Tenth Circuit "personal capacity suits against individual supervisors are inappropriate under Title VII."[26] "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."[27] Although supervisors may be named in their official capacities, this is only as a means to sue the employer and "is superfluous where, as here, the employer is already subject to suit directly in its own name."[28]

In this case, Plaintiff does not designate whether she is bringing suit against these four individual Defendants in their individual or official capacities. Indeed, in designating the parties

---

[25]*Id*. at 1311-12.

[26]*Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996); *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993); *see also Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 743-44 (10th Cir. 1999) (determining that "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition.").

[27]*Haynes*, 88 F.3d at 899 (emphasis in original). "[W]hether supervisors are subject to suit under Title VII is a matter of jurisdiction, since it concerns who qualifies as an 'employer' under the statute." *Lewis v. Four B Corp.*, 211 F. App'x 663, 665 n.1 (10th Cir. 2005) (citing *Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222*, 297 F.3d 1146, 1151 (10th Cir. 2002)).

[28]*Id.* at 665 n. 2.

to the lawsuit in Plaintiff's typed Complaint, she only names U.S.D. 259 as a defendant. Plaintiff simply names the individual Defendants at the top of her form Complaint, and her allegations relating to the individual defendants are extremely sparse. There are simply no allegations that these individuals could be held liable. As such, these claims are dismissed against the four individual Defendants.

In summary, Plaintiff's age and pregnancy discrimination claims are dismissed for failure to exhaust administrative remedies. In addition, all of Plaintiff's discrimination/retaliation claims against the four individual Defendants are dismissed.[29]

### C. Service of Process

#### 1. U.S.D. 259

Defendants argue that U.S.D. 259 was not served properly and the Court therefore lacks personal jurisdiction. If service of process is insufficient under Federal Rules of Civil Procedure 4, a federal court is without personal jurisdiction over that defendant.[30] The burden of proof is on the plaintiff to establish the adequacy of service of process.[31]

Federal Rule of Civil Procedure 4(j)(2) provides that a state or local government may be served either by "delivering a copy of the summons and of the complaint to its chief executive office" or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." In Kansas, K.S.A. § 60-304(d) provides that service may be had on "any other public corporation, body politic, district or authority, by serving the clerk

---

[29]This includes Plaintiff's Title VII, ADA, and state law discrimination or retaliation claims (claims 1, 2 and 4).

[30]*Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1348 (D. Kan. 1994).

[31]*Id.* at 1349.

or secretary or, if the clerk or secretary is not found, any officer, director or manager thereof." When serving by certified mail, it "must be addressed to the appropriate official at the official's governmental office."[32]

Here, the docket shows that the four individual Defendants were served by personal service on December 14, 2009, although Defendants also challenge this service.[33] One of the summons was issued to "U.S.D. 259 - Wichita Public Schools District Superintendent - John Allison." Defendants indicate that it is unclear whether Plaintiff was attempting to serve Allison or U.S.D. 259. However, the proof of service provides that the summons was for John Allison. In addition, Plaintiff concedes in her response to Defendants' Motion to Dismiss that she did not properly serve Defendant U.S.D. 259 and that she would amend her service to include U.S.D. 259.

On March 9, 2010, Plaintiff filed a Return of Service of Summons indicating that the summons and complaint were served on the Clerk of the Board for Defendant U.S.D. 259 on February 9, 2010. Defendants then filed a Motion to Strike Return of Service on Wichita Public Schools (Doc. 28) asserting that although the Clerk of the Board received two envelopes from Plaintiff by certified mail on February 9th, no summons was included in either mailing.[34]

Federal Rule of Civil Procedure 4(c)(1) provides that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." "[I]f the attempted service did not include a summons, service is 'not merely

---

[32] K.S.A. § 60-304(d).

[33] The Court will address this is in a later section.

[34] One envelope contained the complaint, while the other contained exhibits to the complaint.

-10-

irregular or defective but [is] a nullity.'"[35] Here, Plaintiff did not serve a summons with the complaint on the Clerk of the Board for U.S.D. 259; therefore, the attempted service was null and void.

Furthermore, the docket sheet does not indicate that an additional summons was issued for U.S.D. 259. "Because no summons has been issued, plaintiff could not have properly served defendant with the summons and a copy of the complaint."[36] Accordingly, the Return of Service is invalid because no summons was included with the complaint, and the Court grants Defendants' Motion to Strike Service.

Because the Return of Service has now been stricken as it was invalid, Defendant U.S.D. 259 has never been served. The Court, therefore, turns to Fed. R. Civ. P. 4(m). This rule provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Tenth Circuit has set forth a two-step test in evaluating the failure to effect timely service under Fed. R. Civ. P. 4(m).[37] The first inquiry is "whether the plaintiff has shown good cause for the failure to timely effect service."[38] If so, the party is entitled to a mandatory extension of time.[39] Second, even if the plaintiff fails to demonstrate good cause, the district court may

---

[35]*Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 716 (10th Cir. 2005) (citing *Cook v. Cook*, 32 Kan. App. 2d 214, 222, 83 P.3d 1243, 1248 (2003)).

[36]*Quarles v. Williams*, 2004 WL 2378840, at *1 (D. Kan. Oct. 21, 2004).

[37]*Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[38]*Id.*

[39]*Id.*

exercise its discretion in either allowing a permissive extension of time for service or dismissing the case without prejudice.[40]

In this case, Plaintiff did not file a response to Defendants' Motion to Strike Service.[41] She, therefore, has not specifically addressed the issue of whether good cause exists for a mandatory extension of time. To the extent she may have addressed this issue in her "surreply" to Defendants' motion to dismiss,[42] she states that she recognized she omitted serving the Clerk of the Board but this was later corrected. She also contends in general that she attempted to correctly fill out the process papers, but she lacks familiarity with the rules and procedures as a pro se litigant. The Tenth Circuit has interpreted "good cause" narrowly, and inadvertence or ignorance of the rules is insufficient.[43] As such, Plaintiff has not demonstrated good cause for a mandatory extension of time.

The Court therefore must determine whether a permissive extension is warranted. In determining whether to grant a permissive extension, several factors are appropriate to consider, including whether defendant was on notice of the lawuit, whether defendant has been prejudiced by delay of service, and whether the applicable statute of limitations would bar the refiling of the

---

[40]*Id.*

[41]A *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)). When a party fails to timely file a response, the Court will consider and decide the motion as an uncontested motion, and ordinarily, will grant the motion without further notice. D. Kan. R. 7.4(b). In this case, the Court will address the merits of Defendants' motion to strike return of service as it has a bearing on Defendants' Motion to Dismiss.

[42]Plaintiff's "surreply" to Defendants' Motion to Dismiss was filed after Defendants' Motion to Strike Service.

[43]*In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996).

action.[44]

In this case, the factors favor an extension of time rather than dismissal. The statute of limitations has likely run on Plaintiff's claim.[45] Fed. R. Civ. P. 4(m) directs the court to either dismiss the case without prejudice or extend time for service. If the Court dismissed Plaintiff's case, this would effectively operate as a dismissal with prejudice. This seems overly harsh in that Plaintiff, who is pro se, attempted to serve U.S.D. 259 by sending a copy of the complaint and its exhibits by certified mail but omitted sending the summons. Furthermore, it does not appear that Defendant U.S.D. 259 would be prejudiced in defending the lawsuit as the Court is only allowing the federal claims that were previously brought against this Defendant in the KHRC/EEOC charge. As such, the Court exercises its discretion in allowing Plaintiff a permissive extension of time to properly serve U.S.D. 259. Plaintiff is directed to properly serve U.S.D. 259 by March 7, 2011. If Plaintiff fails to appropriately serve Defendant U.S.D. 259, this case will be dismissed in its entirety.

*2. Individual Defendants*

With respect to the individual Defendants' arguments that the Court lacks personal jurisdiction over them because they were not served properly, the Court need not reach this issue. All claims against the individual Defendants are dismissed, for one reason or another, and the Court finds it unnecessary to determine whether Plaintiff's process of service on these Defendants was in substantial compliance with federal and state law.

---

[44]*Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273-74 (D. Kan. 2004) (citing *Espinoza*, 52 F.3d at 842 (quoting Fed. R. Civ. P. 4(m) advisory committe's note (1993))); *see also Searles v. Werholtz*, 2010 WL 4861123, at *3 (D. Kan. Nov. 16, 2010) (citations omitted).

[45]With respect to Plaintiff's Title VII and/or ADA claims, a plaintiff must bring suit within 90 days of receiving a Right to Sue Letter. In this case, Plaintiff filed her lawsuit within this timeframe, but the time has run for her to bring suit if she were to file her complaint now.

### D. Criminal Counts (Counts 3 and 5)[46]

Defendants argue that Plaintiff's two counts alleging criminal violations must be dismissed because Plaintiff, as a private citizen, cannot enforce federal criminal statutes. Plaintiff appears to concede that she cannot enforce criminal statutes. As such, these claims are dismissed.

### E. Privacy Act of 1974 (Count 3)

Defendants contend that while Plaintiff's allegations are not entirely clear in her Complaint as to this count, to the extent Plaintiff is bringing this claim, it must be dismissed because the Privacy Act applies only to federal agency actions. Plaintiff responds that Defendant's motion is invalid and that she seeks to merge this count to Invasion of Privacy.[47] Defendants' assertion is correct, and from the allegations in the complaint, the Court cannot even conclude that Plaintiff intended to assert a claim under the Privacy Act of 1974. As such, this claim is dismissed.

### F. State Tort Claims (Counts 6, 7, and 8)

Plaintiff asserts three state tort claims including negligent retention and supervision, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendants argue that these claims must be dismissed because Plaintiff failed to submit the notice required by K.S.A. § 12-105b prior to filing these tort claims. Pursuant to this statute, a person who has a tort claim against a municipality must file a written notice before commencing suit.[48] School districts are covered under the Kansas Tort Claims Act.[49] This notice requirement is a mandatory

---

[46]Count 3 appears to contain two claims: "Privacy Act 1974 as Amended" and Conspiracy 18 U.S.C.A. United States Code 371 Section Conspiracy to Commit Offense."

[47]To the extent Plaintiff tried to assert additional or different claims in her response to Defendant's motion to dismiss, these claims are not allowed.

[48]*See* K.S.A. § 12-105b(d).

[49]K.S.A. § 75-6102(b); *Jackson v. U.S.D. 259*, 268 Kan. 319, 322-23, 995 P.2d 844, 847 (2000).

prerequisite for a court to exercise jurisdiction and applies both to claims against the school district and claims against a school district's employees arising out of the course and scope of their employment.[50]

In this case, Plaintiff failed to provide notice prior to bringing suit. As such, the Court dismisses these claims. Although it is unclear whether Plaintiff brought suit against the individual Defendants in their individual or official capacities, to the extent Plaintiff was bringing these claims against the individual Defendants in their individual capacities, the Court declines to exercise supplemental jurisdiction over these claims because all federal claims against these employees have been dismissed.[51] Accordingly, Plaintiff's tort claims against all Defendants are dismissed.

In summary, Plaintiff's claims 3, 5, 6, 7, and 8 are dismissed. A portion of Plaintiff's claim 4 is dismissed, including her pregnancy discrimination and age discrimination claims All claims against the individual Defendants are dismissed.

The only remaining claims are the discrimination and retaliation claims brought under Title VII (or ADA) that were raised in Plaintiff's KHRC/EEOC charge for which she received a Right to Sue letter on July 27, 2009.[52] In addition, these claims may only be brought against U.S.D. 259. However, Plaintiff must appropriately serve U.S.D. 259 with a summons and complaint by March 7, 2011. Otherwise, Plaintiff's complaint will be dismissed in its entirety.

---

[50]*Orr v. Heiman*, 270 Kan. 109, 112, 12 P.3d 387, 389 (2000) (citations omitted).

[51]*See, e.g,* 28 U.S.C. § 1367(c).

[52]Defendants contend that if the Court does not dismiss the complaint in its entirety that Plaintiff should be required to file an amended complaint because her complaint fails to comply with Fed. R. Civ. P. 10(b). That rule provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The Court declines to require Plaintiff to submit an amended complaint. In this order, the Court has set forth the claims that are remaining in Plaintiff's complaint against U.S.D. 259. Although Plaintiff's complaint is not entirely clear, the allegations (as well as the KHRC charge) put Defendant on notice as to the claims she is bringing.

### III. Plaintiff's Motions

Plaintiff filed a motion seeking "mandatory injunctive of relief" to prevent Robert Garner from "acts of ongoing harassment and retaliation" until the matters in this case are heard and resolved. Plaintiff generally alleges that Garner has used "disciplinary meetings" to intimidate her.

#### *A. Legal Standard*

Granting or denying a temporary restraining order or other preliminary injunction rests within the sound discretion of the trial court.[53] The purpose of a temporary restraining order or preliminary injunction is "to preserve the status quo pending the outcome of the case."[54]

The standards which govern the granting of a preliminary injunction are well settled in the Tenth Circuit. The moving party must establish: "(1) it is substantially likely to succeed on the merits; (2) it will suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest."[55]

A movant has the burden to establish by clear proof its right to a preliminary injunction. Mere allegations are insufficient. A preliminary injunction is an extraordinary remedy that is an exception rather than the rule, and courts do not grant it as a matter of right.[56]

Plaintiff does not meet any of the criteria to obtain injunctive relief. As such, Plaintiff's motion is denied.

---

[53]*Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

[54]*Tri-State Generation & Transmission Ass'n., Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986).

[55]*Beltronics*, 562 F.3d at 1070.

[56]*Beltronics*, 562 F.3d at 1070.

Plaintiff also filed a motion to amend her motion for injunctive relief to include an exhibit detailing the "disciplinary meetings." The additional exhibit does not assist Plaintiff in addressing the criteria for an injunction or temporary restraining order. Accordingly, Plaintiff's motion is denied.

**IT IS ACCORDINGLY ORDERED** that Defendants' Motion to Dismiss (Doc. 17) is **GRANTED IN PART** and **DENIED IN PART. Plaintiff must appropriately serve Defendant U.S.D. 259 by March 7, 2011.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Return of Service (Doc. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunctive Relief and Restraining Order against Principal Robert Garner (Doc. 41) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Plaintiff's Motion for Injunctive Relief and Restraining Order against Principal Robert Garner (Doc. 44) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 15th day of February, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE